JAMES S. THOMSON
California SBN 79658
Attorney and Counselor at Law
732 Addison Street, Suite A
Berkeley, California 94710
Telephone: (510) 525-9123
Facsimile:  (510) 525-9124
Email: james@ycbtal.net

Attorney for Defendant
DAVID SALVATORE DIAZ, III

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DAVID SALVATORE DIAZ, III,<br><br>　　　　Defendants.<br>_____ | **Case No. 4:17-cr-00533 EMC**<br><br>**DAVID DIAZ'S STATUS CONFERENCE REPORT**<br><br>Date: December 10, 2021<br>Time: 1:30 P.M.<br>Judge: Hon. Edward M. Chen |

Counsel for David Diaz, III provides this report regarding various case matters.

**Sealed Pleadings and Documents**

On September 24, 2021, counsel for Mr. Diaz filed a notice of inability to comply with the joinder order and a request for copies of pleadings and documents filed under seal.  Doc #2086.  On October 5, 2021, counsel filed a status report setting out the sealed documents not received from the government or defense counsel and requesting copies of those documents.  Doc #2108 at 2, Items A-K.

On October 6, 2021, a status conference was held.  At the hearing, counsel for Mr. Diaz withdrew his request for Item "I" as it had been provided by defense counsel, John Philipsborn.  The Court then issued an order regarding the request for sealed documents. Doc #2118 at 2.

> Counsel requested that the Government release the 10 items, plus anything else that has been filed under seal that is not included in his list but was filed up to today's date, be provided to non Group 1 counsel by a date the Court deems appropriate. The Court ordered the Government to release the requested information in three (3) weeks. The Court placed the burden on the Government to redact any witness safety information. The Court noted that defense counsel should also have an opportunity to redact including that for privileged information.

Id. at 3. Items A-H and J-K and any other documents that had been filed under seal were to be released to non Group 1 counsel by October 27, 2021.

By October 27, 2021, the government had provided several sealed documents to counsel for Mr. Diaz. In turn, he transmitted those documents to other defense counsel. While the production was appreciated, several documents were not produced.

On November 26, 2021, counsel for Mr. Diaz sent a discovery letter to the government requesting the remaining documents. Discovery Letter #86. Counsel informed the government that he had received Items A, B, E, G, I, and J, but had not received Items C, D, F, H, and K.

| | | |
|---|---|---|
| | C. | Group 1 Motions to Continue Trial |
| | D. | Government WS Redaction AEO Materials |
| | F. | Motion to Exclude Co-Conspirator Statements |
| | H. | AUSA Disclosure of Reports of Statements to Group 1 Attorneys |
| | K. | Oppositions to Motion to Exclude Co-Conspirator Statements (and Replies to Oppositions) |

As to Items F and K, counsel for Mr. Diaz noted that based on the November 24, 2021 pretrial schedule order (Doc #2179), he believed that these items may not be filed until January 2022. Counsel asked the government to confirm his belief.

On December 1, 2021, without any correspondence, the government forwarded two sets of documents related to the motions to continue trial. However, one defendant's motion to continue trial and any supporting documents were not provided. Copies of the documents received were transmitted to other defense counsel.

Pursuant to the Court's order directing the government to provide documents in addition to items A-K that were filed under seal to non-Group 1 counsel, counsel for Mr. Diaz received various documents from the government. However, counsel is not aware of all the documents that were filed under seal so he does not know if the production was complete.

With respect to the additional documents that were provided, counsel noted that at a minium the oppositions to the response to order to show cause and to the motion for partial reconsideration are missing. Counsel asked the government to provide these and any other missing sealed documents to him. Discovery Letter #86. As of this date, the government has not responded to the request or provided any other documents.

### *Jencks* Materials

Counsel for Mr. Diaz believes that Group 1 counsel received *Jencks* Act disclosures on November 29, 2021. On November 29, 2021, counsel asked the government to provide copies of these documents and any other documents distributed on any subsequent dates. Counsel acknowledged that the disclosure of this information would be subject to the conditions imposed by the Court on Group 1 counsel. The disclosure of these documents is important for both Group 1 and non-Group 1 defendants.

As Group 1 counsel noted in their recent status report (Doc #2167), the discovery provided to them to date and the discovery produced on November 29, 2021 presents "factual issues focused on accuseds who are not in Group One that those individuals and their lawyers may be in a position to discuss with Group One counsel . . .." Id. at 4. Indeed, non Group 1 counsel and their clients will be able to assist Group 1 in their "timely and effective preparation for trial." Id.

Importantly, the disclosure of this information to non Group 1 counsel and their clients will assist them in the preparation of their individual cases. The ability to meet with Group 1 counsel and freely discuss this material is critical to the preparation and presentation of the defense. Moreover, non Group 1 counsel anticipate that "Group One counsel [will] seek to discuss information of importance to their preparation of and for

pretrial litigation, including in limine motions and trial preparation with non-Group One lawyers and potentially with non-Group One clients as well." Doc #2167 at 4.

The inability to share information and carry out the meaning and intent of the Joint Defense Agreement presents very real Fifth and Sixth Amendment concerns for all defendants. The disclosure of this information will go a long way in ensuring the "timely effective assistance of all concerned by current defense counsel." Doc #2167 at 4.

DATED: December 8, 2021                    Respectfully submitted,

                                                                               */s/ James Thomson*

                                                                               JAMES THOMSON
                                                                                Attorney for David Diaz, III